766 So.2d 92 (2000)
Sylvester CRAFT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-CP-01536-COA.
Court of Appeals of Mississippi.
August 15, 2000.
*93 Sylvester Craft, Appellant, pro se.
Office of the Attorney General by Pat Flynn, Attorneys for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, AND IRVING, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Sylvester Craft appeals from the Leflore County Circuit Court's dismissal of his motions for post conviction relief. His motions and this appeal are based upon his removal from a special prison program that, had he completed it, would have permitted his early release from incarceration. Craft alleges that his removal violated his due process rights. He also argues that *94 the circuit court improperly consolidated actions he filed in two counties. We find no error and affirm.

FACTS
¶ 2. Sylvester Craft entered a plea of guilty to the sale of cocaine in 1997 and was sentenced to a term of fifteen years, with the sentence suspended to allow Craft to participate in the Regimented Inmate Discipline (RID) program. Upon the successful completion of the program, he was to be placed on probation for five years. While in the RID program at Parchman, Craft was involved in a fight with another inmate. As a result, he was removed from the program and returned to the general population to serve his original fifteen year sentence.
¶ 3. Craft filed motions in both Sunflower County and Leflore County Circuit Courts in the spring of 1998. Both counties are part of the fourth judicial district; Circuit Judge Gray Evans was assigned both cases. In Sunflower County, Craft filed on April 30, 1998 a "Motion to Show Cause and for Mandatory Injunction Order" to determine why he was removed from the RID program. He also sought to be excused from pursuing the remedies provided under in the Administrative Remedy Program (ARP), an internal prison review process that we will later discuss. Instead, Craft requested that the court order his immediate placement on probation. In an order signed May 5, 1998, Judge Evans continued the matter for ninety days so Craft could complete the ARP process and file notice of such completion with the court. In his brief on appeal, Craft says he filed a request with the ARP on May 19, 1998, but it was rejected as being time-barred. He says he then wrote the Sunflower County Circuit Court on September 4 and informed it of the denial. Evidence of Craft's filing with the ARP and his letter to the court are not part of the record on appeal.
¶ 4. Three weeks after the Sunflower County order and one week after he now says he sought ARP review, Craft filed a "Motion for Consideration of Probation" in a second county of the same judicial district, LeFlore County. Craft argued that he had been removed from the RID program "without reason." In a June 4 order, the same circuit judge who had stayed the Sunflower County case for ninety days denied the LeFlore County motion, stating that Craft did not complete the requirements of the RID program and, thus, was not entitled to probation.
¶ 5. Then, in an order dated September 15, 1998, and captioned with both the Sunflower County and the LeFlore County cause numbers but filed only in LeFlore County, the judge reaffirmed his June 4 order and responded to the letter that Craft sent on September 4. In the new order, the court stated that the ARP request was properly refused as late and specifically dismissed both causes. The court termed the LeFlore County motion "frivolous" because it complained of the same matter that was already pending before it in Sunflower County.

DISCUSSION

I. Consolidation
¶ 6. Craft filed suits in two different counties. The final order from which this appeal is taken is captioned "In the Circuit Court of LeFlore County" was apparently filed only in LeFlore County, but contains both case numbers. The court stated that the second motion should have been filed in the same action instead of in a new one, "but somehow this slipped by." Craft complains of this as an implicit court-initiated consolidation.
¶ 7. A post-conviction relief suit is a civil action. Miss.Code Ann. § 99-39-7 (Rev.1994). Even so, most of the procedural rules are statutory. To a limited extent, namely when not displaced by specific statutory provisions, the provisions of the Mississippi Rules of Civil Procedure can apply. Consolidation of civil actions can occur when multiple actions involve *95 common questions of law or fact. M.R.C.P. 42(a). A party can move to consolidate, or the court may consolidate on its own motion. M.R.C.P. 42 cmt. "The court is given broad discretion to the decide whether consolidation would be desirable; the consent of the parties is not required." Id.
¶ 8. The court in its order stated that the second (LeFlore) motion should have been filed in the first (Sunflower) suit. The court then separately considered the motions pending in his case, and separately denied them. Whether this final order should be considered as a consolidation, or just as one order separately disposing of two different cases, we find it to provide no grounds for procedural complaint. It would have been preferable for the judge to file this order in both counties; the fact that it was filed only in LeFlore County still provided notice to Craft that all that he was seeking in the two different pending motions was denied.
¶ 9. There was no error in the court's dismissal of both motions in one order.

II. Completion of the RID Program
¶ 10. Craft argues that he was given no reason for being terminated from the RID program. He was then moved into the general prison population. He alleges that these actions occurred without any hearing being provided. Because he is now serving his original fifteen year sentence instead of the five years probation that he would have served had he been allowed to complete the program, he says his due process liberty interest has been violated. This, he asserts, is "an atypical and significant hardship," citing Sandin v. Conner, 515 U.S. 472, 487, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) and Madison v. Parker, 104 F.3d 765, 769 (5th Cir.1997), which deal with prisoners' liberty interests regarding certain kinds of changes to their sentences.
¶ 11. In neither of the cited precedents did the court find the prisoner's liberty interest impacted by the action in question, although both opinions recognize that prisoners have some due process rights. In Sandin, the court found that the State's action of placing the prisoner in segregated confinement for thirty days as discipline did not inevitably affect the duration of his sentence, and, thus, did not impact his due process liberty interest. Sandin, 515 U.S. at 487, 115 S.Ct. 2293. In Madison, the imposition of thirty days commissary restriction and thirty days of cell restriction was found not to impact likelihood of parole which was the due process liberty interest. Madison, 104 F.3d at 768.
¶ 12. Although we recognize that a prisoner has a right to due process when a liberty interest is affected, Craft's dismissal from the RID program did not have that effect. The supreme court has held that no statutory nor constitutional rights are violated if the Department of Corrections does not afford an inmate a hearing prior to terminating him from the RID program. Smith v. State, 580 So.2d 1221, 1226 (Miss.1991). That is because there is not a legitimate, protected expectation of release on probation. Therefore being removed from the RID program did not take an entitlement away from Craft.
¶ 13. Moreover, there was a hearing given in this case. The court record includes documentation, signed by Craft, that a termination hearing was held on April 7, 1998. The result of the hearing was that the RID committee found Craft guilty of fighting with another inmate. A letter dated April 9, 1998 from Bob Rowe, director of the RID Program, to Judge Shirley Byers, which also is part of the court record, stated that after "review of the supporting documentation and after meeting with Mr. Craft, the RID staff has recommended he be terminated from the program."
¶ 14. Once the decision was made, an administrative review procedure exists within the prison system to contest the action. Miss.Code Ann. § 47-5-801 (Supp. 1999). An inmate who has followed that *96 procedure and remains dissatisfied has thirty days from the final adverse decision to appeal to a circuit court. Miss.Code Ann. § 47-5-807 (Supp.1999). It was the failure properly to follow the appeal process after that review that led to the trial court's denial of relief. We find no error in that decision.
¶ 15. THE JUDGMENT OF THE LEFLORE COUNTY CIRCUIT COURT OF DISMISSAL OF THE APPELLANT'S MOTIONS FOR POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO LEFLORE COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, and THOMAS, JJ., Concur.