800 So.2d 546 (2001)
Jimmy CULBERT, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01925-COA.
Court of Appeals of Mississippi.
November 13, 2001.
*548 Jimmy Culbert, Appellant, pro se.
Office of the Attorney General by Scott Stuart, Jackson, Attorney for Appellee.
Before McMILLIN, C.J., BRIDGES, and CHANDLER, JJ.
CHANDLER, J., for the Court:
¶ 1. In January 1996, a Warren County grand jury indicted Jimmy Culbert for kidnaping a child under the age of ten, capital rape, and sexual battery of a child under the age of fourteen. Culbert entered pleas of guilty to sexual battery and kidnaping and was sentenced to imprisonment with the Mississippi Department of Corrections for each crime. Culbert appealed for post-conviction relief and the Warren County Circuit Court denied his petition. Aggrieved, Culbert cites the following issues on appeal:
I. WHETHER CULBERT'S PLEAS OF GUILTY WERE KNOWINGLY AND VOLUNTARILY MADE.
II. WHETHER THE TRIAL COURT ERRED IN FAILING TO RENDER FINDINGS OF FACT AND CONCLUSIONS OF LAW.
III. WHETHER THE KIDNAPING CHARGE WAS VOID WHERE THE INDICTMENT OMITTED THE WORD "SECRETLY".
IV. WHETHER THE TRIAL COURT ERRED IN RULING AGAINST CULBERT ON THE ISSUE OF DEFENSE COUNSEL'S POTENTIAL CONFLICT OF INTEREST
V. WHETHER THE TRIAL JUDGE IMPERMISSIBLY ENGAGED IN THE PLEA BARGAINING PROCESS.
Finding no error, we affirm.

STATEMENT OF THE FACTS
¶ 2. On November 16, 1995, around 3:00 P.M., Jimmy Culbert picked Jane Doe up from school. He kept Jane Doe with him until approximately 3:00 A.M. the next morning. Culbert admitted that he was intoxicated during the time he had control over Jane Doe. When Culbert returned Jane Doe to her mother, there were visible ligature marks on her neck. Upon further investigation, police officers discovered some of Jane Doe's clothes in Culbert's car. They later determined that Culbert had raped Jane Doe, although tests of the victim for the presence of Culbert's semen were negative.
¶ 3. After striking a deal with the State, Culbert agreed to plead guilty to capital rape and kidnaping. However, when the time came to plead guilty, Culbert denied that his actions conformed to the actions proscribed by the various statutes. At that time Culbert's attorney asked to speak with his client in private. Following their discussion, Culbert recanted his denial and pleaded guilty to the two charges. The State then requested the trial court to sentence Culbert to thirty years for kidnaping and thirty-five years for capital rape, each sentence to run concurrently. The trial judge rejected the State's request, determining that Miss.Code Ann. § 97-3-65 (Rev.1994) prohibited him from imposing any sentence less than life imprisonment for the crime of capital rape. The State responded by amending the petition, agreeing to drop the rape charge if Culbert would plead guilty to kidnaping and sexual battery. Culbert pleaded guilty and the trial court sentenced him to thirty years for sexual battery and six years for kidnaping, each sentence to run consecutively.

LAW AND ANALYSIS

I. DID CULBERT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY PLEAD GUILTY TO THE TWO CRIMES?
¶ 4. Culbert complains that the trial court questioned him about the crimes for *549 which he was indicted prior to informing him of his right against self-incrimination. In reviewing the trial court's denial of a petition for post-conviction relief, this Court will not disturb the factual findings of the trial court unless determined to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
¶ 5. It is well settled that a defendant who pleads guilty waives his or her "privilege against self-incrimination, the right to confront and cross-examine the prosecution's witnesses, the right to a jury trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt." Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). Therefore, "[i]t is essential that an accused have knowledge of the critical elements of the charge against him, that he fully understand the charge, how it involves him, the effects of a guilty plea to the charge, and what might happen to him in the sentencing phase as a result of having entered the plea of guilty." Smith v. State, 636 So.2d 1220, 1225 (Miss.1994). Such protections are afforded under Uniform Circuit and County Court Rule 8.04(A)(4)(c) which provides that where the defendant wishes to plead guilty the trial court has an affirmative duty to address the defendant personally and determine whether "[t]he accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses and the right against self-incrimination...." Once the trial court completes its inquiry, having advised the defendant of the consequences of a guilty plea, the plea is considered voluntary. Reeder v. State, 783 So.2d 711, 719(¶ 30) (Miss.2001).
¶ 6. Here, the record shows that Culbert jumped through all of the procedural hoops necessary for entering a valid guilty plea. Culbert told the trial judge that he read the petition to enter a plea of guilty, reviewed it with counsel, and understood that it was correct. The petition stated that by pleading guilty Culbert would waive certain constitutional protections. Moreover, the trial judge told Culbert that he was under no obligation to answer the questions put to him during the plea hearing; Culbert stated that he understood. Likewise, the trial judge asked Culbert under oath if he realized that by pleading guilty he waived rights under the constitution that protected against self-incrimination. Again, Culbert acknowledged that he fully understood the consequences of the plea. Finally, after Culbert presented his plea petition and answered all of the questions presented to him during the plea hearing, the trial judge accepted his plea. Reviewing this argument, we find no error here as Culbert knowingly, intelligently, and voluntarily entered his guilty plea.

II. WAS THE TRIAL COURT OBLIGATED TO RENDER FINDINGS OF FACTS AND CONCLUSIONS OF LAW PURSUANT TO CULBERT'S RULE 52(A) MOTION?
¶ 7. After the trial court dismissed his motion seeking post-conviction collateral relief, Culbert filed a motion under Mississippi Rule of Civil Procedure 52(a), requesting the court to render findings of fact and conclusions of law. The trial court dismissed Culbert's motion and he now argues that the trial court had an obligation to issue findings of fact and conclusions of law pursuant to his motion.
¶ 8. Rule 52(a) permits the trial court to use its discretion when deciding whether to issue findings of fact and conclusions of law. Tricon Metals & Serv., Inc. v. Topp, 516 So.2d 236, 239 (Miss. 1987). However, when a party requests the trial court to render findings of fact *550 and conclusions of law, the trial court's duty becomes obligatory. Blevins v. Bardwell, 784 So.2d 166, 174 (¶ 30) (Miss. Ct.App.2001). The reason the law encourages trial courts to issue findings of fact and conclusions of law pertains to the facilitation of the appellate process. Tricon Metals & Serv., Inc., 516 So.2d at 239. Without such procedures, the trial record would be blank, leaving this Court to speculate as to the factual foundations of the appeal.
¶ 9. This Court recently stated, "A post-conviction relief suit is a civil action. Even so, most of the procedural rules are statutory. To a limited extent, namely when not displaced by specific statutory provisions, the provisions of the Mississippi Rules of Civil Procedure can apply." Craft v. State, 766 So.2d 92, 94(¶ 7) (Miss.Ct.App.2000) (citation omitted). The statute relating to post-conviction relief includes the following provision:
If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
Miss.Code Ann. § 99-39-11(2) (Rev.2000). This means that dismissal is appropriate where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Turner v. State, 590 So.2d 871, 874 (Miss.1991). Furthermore, where the trial court summarily dismisses the post-conviction relief claim, it does not have an obligation to render factual findings and "this Court will assume that the issue was decided consistent with the judgment and... will not be disturbed on appeal unless manifestly wrong or clearly erroneous." Par Indus., Inc. v. Target Container Co., 708 So.2d 44, 47 (¶ 4) (Miss.1998). See also Mack v. State, 784 So.2d 976, 978(¶ 5) (Miss.Ct.App.2001).
¶ 10. In the case at bar, the trial court dismissed Culbert's motion for post-conviction relief, specifically citing section 99-39-11 as its basis for dismissal. A close reading of section 99-39-11 reveals that the trial court had two obligations when dismissing a claim for post-conviction relief: 1) make an order of dismissal and 2) cause the prisoner to be notified. We find that the trial court satisfied both of these elements. To the extent that Rule 52(a) imposes extra obligations on the trial court, we hold that the trial court is under no obligation to render findings of fact and conclusions of law where it has dismissed a motion for post-conviction collateral relief under section 99-39-11. Moreover, we hold that the trial court properly decided the issues presented in the motion for relief and find that the trial court's dismissal is consistent with the evidence and testimony presented in the record.

III. WHETHER THE KIDNAPING CHARGE WAS VOID WHERE THE INDICTMENT OMITTED THE WORD "SECRETLY."
¶ 11. Next, Culbert argues that the indictment returned against him was void when it failed to include the term "secretly." Specifically, Culbert asserts that the omission of the term "secretly" relieved the State from having to prove an essential element of the kidnaping charge.
¶ 12. Mississippi Code Annotated section 97-3-53 (Rev.2000) states:
Any person who shall without lawful authority forcibly seize and confine any other person, or shall inveigle or kidnap any other person with intent to cause such person to be secretly confined or imprisoned against his or her will, or shall without lawful authority forcibly seize, inveigle or kidnap any child under *551 the age of ten (10) years and secretly confine such child against the will of the parents or guardian or person having the lawful custody of such child, shall, upon conviction, be imprisoned for life in the state penitentiary if the punishment is so fixed by the jury in its verdict.
¶ 13. The Mississippi Supreme Court recently addressed a similar issue in Conley v. State, 790 So.2d 773, 794(¶ 76) (Miss. 2001). There, the court addressed whether a jury instruction that defined kidnaping without including the element "secretly confine" was proper. Conley, 790 So.2d at 794(¶ 76). The court stated that "[a] plain reading of the statute leads to the sound conclusion that one may commit the crime of kidnaping either by secretly confining a victim or by confining or imprisoning another against his or her will regardless of whether the confinement is secret." Id. at 796 (¶ 83). Therefore, the court concluded that the element of secrecy is not fundamental to a kidnaping charge. As such, we find that Culbert's assignment of error is without merit.

IV. WHETHER THE TRIAL COURT ERRED IN RULING AGAINST CULBERT ON THE ISSUE OF DEFENSE COUNSEL'S POTENTIAL CONFLICT OF INTEREST.
¶ 14. Culbert argues that his defense counsel had a conflict of interest; therefore, he was denied effective assistance of counsel. Specifically, Culbert asserts that his defense counsel was also an attorney for Sharkey County and a municipal judge for the City of Vicksburg, Mississippi. However, Culbert's contentions are exactly that, bare assertions without any evidentiary basis in the record.
¶ 15. This Court is limited to the appellate record when considering an appeal. See Dillon v. State, 641 So.2d 1223, 1225 (Miss.1994); Shelton v. Kindred, 279 So.2d 642, 644 (Miss.1973); Johnson v. State, 749 So.2d 306, 308 (¶ 4) (Miss.Ct.App.1999). Moreover, "it is an appellant's duty to justify his arguments of error with a proper record, which does not include mere assertions in his brief, or the trial court will be considered correct." American Fire Protection, Inc. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995). See also Ross v. State, 603 So.2d 857, 861 (Miss. 1992); Shelton, 279 So.2d at 644; Garrette v. State, 763 So.2d 177, 181 (¶ 22)(Miss.Ct.App.2000).
¶ 16. Other than Culbert's assertions, we have no reason to believe that defense counsel also served as the attorney for Sharkey County or a municipal judge for the City of Vicksburg during the period when he represented Culbert. As previously noted, we will not normally reverse the factual findings of a trial court, even where those findings are not announced, unless there is evidence that the trial court has acted in an erroneous manner. Par Indus., Inc., 708 So.2d at 47 (¶ 4). Culbert has provided this Court no evidence supporting his allegations of a conflict; therefore, we have no basis for finding that the trial court acted erroneously.

V. WHETHER THE TRIAL JUDGE IMPERMISSIBLY ENGAGED IN THE PLEA BARGAINING PROCESS.
¶ 17. Culbert argues that the trial court erred when it rejected his initial plea. Culbert asserts that had the trial judge not rejected the initial plea his sentence would not have been renegotiated and eventually lengthened. According to Culbert, the trial judge's rejection of the initial plea was based on an erroneous reading of the capital rape statute. Therefore, Culbert concludes that this misapplication of the statute caused the trial judge to *552 illegally become part of the plea bargaining process.
¶ 18. The record reveals that the trial judge rejected the initial plea because he determined that the capital rape statute required him to sentence Culbert to a term of life in prison. A close look at the statute confirms that the trial judge was correct. At the time Culbert attempted to enter his guilty plea, the pertinent statute provided:
Every person eighteen (18) years of age or older who shall be convicted of rape by carnally and unlawfully knowing a child under the age of fourteen (14) years, upon conviction, shall be sentenced to death or imprisonment for life in the State Penitentiary; provided, however that any person thirteen (13) years of age or over but under eighteen (18) years of age convicted of such crime shall be sentenced to such term of imprisonment as the court, in its discretion, may determine.
Miss.Code Ann. § 97-3-65(1) (Rev.1994). However, on July 1, 1998, an amendment to section 97-3-65 revising the sentence for capital rape took effect. The amendment provided for life imprisonment in the state penitentiary "or such lesser term of imprisonment as the court may determine, but not less than twenty (20) years." Miss.Code Ann. § 97-3-63(2)(c) (Rev. 2000). It is this amendment on which Culbert bases his argument that the trial judge could have sentenced him to less than life imprisonment.
¶ 19. The Mississippi Supreme Court has stated that "when a statute is amended to provide for a lesser penalty, and the amendment takes effect before sentencing, the trial court must sentence according to the statute as amended." Daniels v. State, 742 So.2d 1140, 1145 (¶ 17) (Miss.1999). However, when the sentence is announced prior to the statute's amendment, the statute as it existed at the time of the sentencing would apply. Davis v. State, 738 So.2d 299, 300 (¶ 3) (Miss.Ct.App.1999).
¶ 20. Here, Culbert was indicted for capital rape under Miss.Code. Ann. § 97-3-65(1). Culbert committed the acts in question on November 16, 1995. The trial judge sentenced Culbert in September 1997, almost nine and one-half months before the revisions to § 97-3-65 took effect. Therefore, Culbert was never entitled to the lesser penalties set out in the amended statute and we find no error in the trial judge's rejection of Culbert's initial plea.
¶ 21. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY.