ROBERTS, J.,
for the Court.
¶ 1. Jimmy Culbert appeals from the denial of his motion for post-conviction relief filed on April 14, 2004, in the Circuit Court of Warren County. This was Cul-bert’s second motion for post-conviction relief attacking his guilty plea of September 10, 1997, to kidnaping and sexual battery charges. This is Culbert’s second appeal to this Court on his 1997 conviction and sentence. See Culbert v. State, 800 So.2d 546 (Miss.Ct.App.2001). We again find no error.
FACTS
¶ 2. A full statement of the facts can be found in this Court’s first opinion. Id. at 548 (¶¶2-3). Culbert pleaded guilty to kidnaping and sexual battery and was sentenced to thirty years for sexual battery and six years for kidnaping, each sentence to run consecutively.
¶ 3. Culbert filed his first motion for post-conviction relief in 1999. The circuit court denied relief on November 30 and December 14, 1999. This Court unanimously affirmed the ruling of the circuit court denying post-conviction relief in its November 13, 2001 opinion.
¶ 4. The present motion for post-conviction relief was filed on April 14, 2004. The motion was denied on the basis that it was a successive petition and barred by statute. The court also found that because this Court had affirmed the denial of Cul-bert’s previous motion for post-conviction relief, that the circuit court did not have jurisdiction over the matter.
DISCUSSION
¶ 5. Mississippi Code Annotated § 99-39-23(6)(Supp.2005) provides:
The order ... dismissing the prisoner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.... [Ejxcepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi of the United States which would have actually adversely affected the outcome of his conviction at the time of trial or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
None of the exception to the successive writ bar are applicable in this case.
*972 ¶ 6. The circuit court also found that it lacked jurisdiction. See Miss.Code Ann. § 99-39-7 (Supp.2005) (“Where the conviction and sentence have been affirmed on appeal ... the motion under this article shall not be filed in the trial court until the motion has first been presented to a quorum of the justices of the supreme court of Mississippi ... and an order granted allowing the filing of such motion in the trial court.”). See Torns v. State, 866 So.2d 486, 488(¶ 8) (Miss.Ct.App.2003).
¶ 7. Also, Mississippi Code Annotated § 99-39-5(2) provides that in the case of a guilty plea that a motion should be filed “within three (3) years after entry of the judgment of conviction.” Culbert’s guilty plea was entered on September 10, 1997.
¶ 8. On appeal Culbert has raised that there is evidence of material facts not previously presented or heard which require vacation of his conviction and sentence, which would demonstrate that his plea was involuntary, his counsel ineffective and his incarceration illegal. He also raises the denial of speedy trial, a false arrest warrant, false imprisonment, threats and malicious prosecution. Our review shows that all the facts and issues raises by Culbert were available to him at the time of his first motion for post-conviction relief. Many of these issues, including the right to speedy trial, were waived by Culbert’s guilty plea. Anderson v. State, 577 So.2d 390, 391 (Miss.1991). This Court previously reviewed Culbert’s guilty plea and found that he “knowingly, intelligently, and voluntarily entered his guilty plea.” Culbert, 800 So.2d at 549(¶ 6).
¶ 9. Some of the issues, such as malicious prosecution, false arrest warrant and false imprisonment were never raised before the trial court. As such, this Court cannot consider them for the first time on appeal. Black v. State, 806 So.2d 1162, 1164(¶ 3)(Miss.Ct.App.2002).
¶ 10. Because we conclude that the circuit court correctly denied relief in this case, we affirm.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO WARREN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.