938 So.2d 344 (2006)
Marshaun STEWART, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01403-COA.
Court of Appeals of Mississippi.
September 26, 2006.
*345 Marshaun Stewart, Appellant, pro se.
Office of the Attorney General by W. Daniel Hinchcliff, attorneys for appellee.
Before KING, C.J., GRIFFIS and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. Marshaun Stewart was convicted in August 1983 of two charges of rape and one charge of burglary and was sentenced to a term of forty-five years in the custody of the Mississippi Department of Corrections. In March 2004, he filed a "Petition for Writ of Habeas Corpus" in Coahoma County Circuit Court, which the court treated as a motion for post-conviction relief and summarily dismissed. Stewart appeals from the order dismissing the petition.
¶ 2. On appeal, Stewart has raised the following issues:
I. WHETHER THE TRIAL COURT ERRED IN FAILING TO CONDUCT A HEARING ON THE PETITION PRIOR TO SUMMARILY DISMISSING THE PETITION.
II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO DETERMINE WHETHER THE PETITIONER WENT BEFORE A CLASSIFICATION BOARD TO HEAR EVIDENCE BEFORE HE WAS DEMOTED IN EARN[ED] TIME ACCORDING TO STATUTORY PROCEDURES.
III. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO DETERMINE WHETHER THE CLASSIFICATION BOARD IS UNLAWFULLY HOLDING THE APPELLANT PAS[T] HIS EXPIRED SENTENCE DATE OF 6/16/05.
¶ 3. We find that the court correctly denied Stewart's petition and affirm.

*346 STANDARD OF REVIEW
¶ 4. This Court will not disturb the trial court's factual findings, when reviewing a decision to deny a petition for post-conviction relief, unless they are found to be clearly erroneous; however, the applicable standard of review is de novo where questions of law are raised. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). "Furthermore, where the trial court summarily dismisses the post-conviction relief claim, it does not have an obligation to render factual findings and `this Court will assume that the issue was decided consistent with the judgment and. . . will not be disturbed on appeal unless manifestly wrong or clearly erroneous.'" Culbert v. State, 800 So.2d 546, 550(¶ 9) (Miss.Ct.App.2001) (quoting Par Indus., Inc. v. Target Container Co., 708 So.2d 44, 47(¶ 4) (Miss.1998)).

DISCUSSION
¶ 5. Stewart's basic contention is that he should have been released on the earliest conditional discharge date as shown on the sentence computation date sheet included as an exhibit to his petition. Mississippi Code Annotated section 47-5-138 provides for a conditional release date after the prisoner has served fifty percent of his sentence, but also provides that the "earned time" which would reduce the sentence can be forfeited. In this case, Stewart has forfeited much of his "earned time" by serious misconduct. This loss of earned time is shown on another exhibit to Stewart's petition.
¶ 6. Also attached to Stewart's petition is an order from the Circuit Court of Sunflower County, filed on October 31, 2002, in which the court found that earned time had not been unlawfully taken from Stewart. As such, Stewart's appeal from his motion before the Coahoma County Circuit Court is procedurally barred as a second and subsequent filing under Mississippi Code Annotated section 99-39-23(6) (Supp.2005).
¶ 7. One of Stewart's rape convictions and sentence was appealed to the Mississippi Supreme Court, which affirmed that conviction and sentence on March 27, 1985. Stewart v. State, 466 So.2d 906 (Miss.1985). Under Mississippi Code Annotated section 99-39-27 (Supp.2005), Stewart should have filed an application for leave to proceed in the trial court prior to filing for relief with the Coahoma County Circuit Court. There is no indication that this was done, and therefore Stewart should not have been allowed to proceed with his claims relating to that conviction and sentence.
¶ 8. In dismissing with prejudice Stewart's motion, the circuit court also noted that under Mississippi Code Annotated section 99-39-5 (Supp.2005), a motion under post-conviction relief must be brought within three years after the appellant's direct appeal or after the judgment of conviction or sentence. An exception is where "the prisoner claims that his sentence has expired or his probation, parole, or conditional release have been unlawfully revoked." The circuit court found that Stewart's motion did not have any merit or meet any criteria for exception to this time bar.
¶ 9. While Stewart does cite cases in his brief, none of these cases concern the applicability of Mississippi Code Annotated section 47-5-138 (Rev.2004). "The failure to cite relevant authority, or to make a connection between the authority cited and his case constitutes a procedural bar." King v. State, 857 So.2d 702, 705 (Miss.2003). Even without Stewart's misrepresentation of the facts, there is no case law cited which supports his position.
¶ 10. If Stewart's claims are not otherwise barred, the assertions are without *347 merit. Mississippi Code Annotated section 99-39-19 provides that an evidentiary hearing is not necessary unless the judge so determines. Stewart's allegations alone are "insufficient to require the trial judge to grant an evidentiary hearing." Campbell v. State, 611 So.2d 209, 210 (Miss. 1992).
¶ 11. Contrary to Stewart's second assignment of error, there is no requirement in Mississippi Code Annotated section 47-5-138 that there be an evidentiary hearing before a classification board prior to the loss of earned time. The statute allows the department to "promulgate rules and regulations to carry out an earned time allowance program based on the good conduct and performance of an inmate." Also, under section (2), "[a]n inmate may forfeit all or part of his earned time allowance for a serious violation of the rules. No forfeiture of the earned time allowance shall be effective except upon approval of the commissioner or his designee, and forfeited earned time may not be restored." In his brief, Stewart does not address any of the specific instances in which his earned time was forfeited or show that any evidentiary hearing would have been beneficial. The failure of the circuit court to address this issue was not error.
¶ 12. As previously noted, there is no evidence that the classification board or any one in the penitentiary system erred in its calculation of Stewart's projected release date. As part of the record, there is a "Sentence Computation Record" from August 2003 which shows both earned time and court ordered loss of earned time and a possible discharge date of March 2, 2008, and a maximum discharge date of June 2028. The State would have the Court supplement the record with an "Inmate Time Sheet" from December 22, 2005, showing that the tentative discharge date is now February 25, 2008. Although the record is somewhat incomplete, the supplementation is not necessary to show that Stewart's allegations are false.

CONCLUSION
¶ 13. Even if Stewart's claims were not procedurally barred under various sections of the post-conviction relief statutes, his appeal would be affirmed as there is no merit to any of the issues raised. Stewart is being correctly held under the law, and the Mississippi Department of Corrections has correctly calculated Stewart's sentence, including the loss of earned time. The decision of the circuit court dismissing Stewart's motion is affirmed.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR. SOUTHWICK, J., CONCURS IN RESULT ONLY.