# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00626-COA

**MICHAEL HERRIN**                                                     **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

DATE OF JUDGMENT:            03/15/2018
TRIAL JUDGE:                 HON. WINSTON L. KIDD
COURT FROM WHICH APPEALED:   HINDS COUNTY CIRCUIT COURT,
                             FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:      MICHAEL HERRIN (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: LISA L. BLOUNT
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 05/07/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE J. WILSON, P.J., GREENLEE, WESTBROOKS AND McDONALD, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     The Circuit Court for the First Judicial District of Hinds County dismissed Michael

Herrin's motion for post-conviction relief (PCR).[1]  We affirm the circuit court's order and

find that Herrin's PCR motion was properly dismissed.

## FACTS AND PROCEDURAL HISTORY

¶2.     In February 1994, a grand jury for the First Judicial District of Hinds County indicted

---

[1] The court's order is styled as an order *denying* post-conviction relief.  But we believe the order is actually an order for *dismissal* of Herrin's PCR motion.  *See* Miss. Code Ann. § 99-39-11(2)-(3) (Rev. 2015).

Michael Herrin for rape, burglary of a dwelling, and armed robbery. The indictment also charged Herrin as being a non-violent habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 1976). Herrin had previously been convicted of grand larceny and possession of cocaine in Leflore County.

¶3. In September 1994, Herrin pled guilty to all three counts and was sentenced, as a habitual offender, to serve twenty years for rape, twenty years for armed robbery, and fifteen years for burglary of a dwelling in the custody of the Mississippi Department of Corrections.

¶4. On March 31, 2016, Herrin wrote a letter to inform the Leflore County Circuit Clerk that his 1993 sentencing order erroneously stated that he had been convicted for the "sale of cocaine" instead of the "possession of cocaine." In April 2016, the Leflore County Circuit Court treated Herrin's letter as a PCR motion and found that he was entitled to relief. And in February 2017, the court entered a nunc pro tunc order, correcting the charge to "possession of cocaine."

¶5. Subsequently, in August 2017, Herrin filed a PCR motion in the Circuit Court for the First Judicial District of Hinds County, claiming that he was improperly sentenced as a habitual offender in 1994 because a "possession of cocaine" conviction was used to enhance his sentences. Herrin asserted in this PCR motion that he was actually convicted of "sale of cocaine." On March 15, 2018, the court dismissed Herrin's PCR motion, and on April 20, 2018, Herrin filed his notice of appeal.

¶6. On appeal, Herrin claims he was entitled to post-conviction relief and that the circuit court erred by failing to make any findings of fact or conclusions of law before dismissing

2

his PCR motion.

## STANDARD OF REVIEW

¶7. "We review the dismissal or denial of a PCR motion for abuse of discretion. We will only reverse if the [ruling] court's decision is clearly erroneous." *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. 2012) (citing *Crosby v. State*, 16 So. 3d 74, 77 (¶5) (Miss. Ct. App. 2009)).

## DISCUSSION

¶8. Before we analyze Herrin's claims, we must first address the issue of whether this Court has proper authority to consider this appeal. Although neither party has questioned this Court's jurisdiction, "it is incumbent upon this Court to assure that such jurisdiction exists." *Jones v. State*, 95 So. 3d 672, 675 (¶5) (Miss. Ct. App. 2011) (quoting *Ross v. State*, 16 So. 3d 47, 52 (¶6) (Miss. Ct. App. 2009)). The Mississippi Rules of Appellate Procedure require that the notice of appeal "shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." M.R.A.P. 4(a). The trial court dismissed Herrin's PCR motion on March 15, 2018. And Herrin's notice of appeal was filed on April 20, 2018 – 36 days later. Generally, an appeal shall be dismissed unless the notice of appeal is timely filed. *See* M.R.A.P. 2(a).

¶9. But "[t]he prison mail-box rule states that in pro se post-conviction relief proceedings, the prisoner's motion is considered delivered for filing when the prisoner gives the documents to prison officials for mailing." *Lott v. State*, 115 So. 3d 903, 907 (¶10) (Miss. Ct. App. 2013). This Court has held that "[t]he prison mailbox rule [also] applies to appeals

3

from the denial of post-conviction relief." *Melton v. State*, 930 So. 2d 452, 454 (¶7) (Miss. Ct. App. 2006).

¶10.    Herrin dated his notice of appeal April 12, 2018, and South Mississippi Correctional Institution stamped the envelope as "Approved Legal Mail" the same day. Further, postage on the envelope indicates that the notice of appeal was mailed via United States Postal Service on April 13, 2018. Because Herrin delivered his notice of appeal to prison authorities for mailing within the thirty-day period, his appeal was timely. *See id.* Accordingly, we find jurisdiction is proper and proceed to address Herrin's appeal on the merits.

## I.    WHETHER HERRIN WAS ENTITLED TO POST-CONVICTION RELIEF.[2]

¶11.    Herrin claims he was improperly sentenced as a habitual offender because a "possession of cocaine" conviction was used to enhance his sentences. Herrin claims he was actually convicted of "sale of cocaine." We note the inconsistency in Herrin's positions. However, we have reviewed the record.

¶12.    A review of the record shows that in 1993 Herrin was indicted for possession of cocaine. His prisoner commitment notice indicated that he pled guilty to possession of cocaine. Herrin has also previously admitted that he was convicted of possession of cocaine. In his 1994 guilty plea, Herrin stated:

> 17.    I have not previously been convicted of any felony, except, **POSS. OF**

---

[2] In his Appellant's Brief, Herrin claims he was entitled to post-conviction relief because (1) he was denied due process at sentencing, (2) his sentence was illegal, and (3) his sentence violated his fundamental constitutional rights. Because the substance of his argument is the same for each issue, we address Herrin's issues together.

**C.S.**; GRAND LARCENY; CREDIT CARD FRAUD.

(Emphasis added). And in his letter dated March 31, 2016, to the Leflore County Circuit Clerk, Herrin stated, "I have <u>NEVER</u> been arrested nor indicted nor convicted of sale of cocaine."

¶13. In April 2016, the Leflore County Circuit Court found that Herrin's 1993 sentencing order erroneously stated that he had been indicted for and pled guilty to "sale of cocaine." And in February 2017, the court entered a nunc pro tunc order, correcting the charge to "possession of cocaine." Accordingly, we find that the 1994 Hinds County indictment correctly referred to Herrin's prior conviction as "possession of cocaine."

¶14. Furthermore, whether the conviction was for possession of cocaine or sale of cocaine is irrelevant for purposes of sentencing Herrin under section 99-19-81. The fact remains that Herrin had two prior felony sentences and received a separate sentence on each for a year or more. *See Black v. State*, 724 So. 2d 996, 1003 (¶29) (Miss. Ct. App. 1998).[3] Therefore, the trial court did not abuse its discretion in dismissing Herrin's PCR motion.

## II. WHETHER THE TRIAL JUDGE WAS REQUIRED TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW BEFORE DISMISSING HERRIN'S PCR MOTION.

¶15. Herrin claims the trial judge was required to make findings of fact and conclusions of law before dismissing his PCR motion. Herrin cites to Mississippi Rule of Civil

---

[3] Possession of cocaine is a felony under Mississippi Code Annotated section 41-29-139 (Rev. 1993). And sale of cocaine is a felony under Mississippi Code Annotated section 41-29-139 (Rev. 1993). In addition to his drug conviction, Herrin was also previously convicted of grand larceny, which is a felony under Mississippi Code Annotated section 97-17-41 (Supp. 1993).

Procedure 52(a) in support of his claim. This rule "permits the trial court to use its discretion when deciding whether to issue findings of fact and conclusions of law." *Culbert v. State*, 800 So. 2d 546, 549 (¶8) (Miss. Ct. App. 2001) (citing *Tricon Metals and Servs. Inc. v. Tropp*, 516 So. 2d 236, 239 (Miss. 1987)). "However, when a party requests the trial court to render findings of fact and conclusions of law, the trial court's duty becomes obligatory." *Id*. at 549-550 (¶8) (citing *Blevins v. Bardwell*, 784 So. 2d 166, 174 (¶30) (Miss. Ct. App. 2001)).

¶16. Although a post-conviction relief suit is a civil action, most of the procedural rules are statutory. *Id*. at (¶9). This Court has stated, "To a limited extent, namely when not displaced by specific statutory provisions, the provisions of the Mississippi Rules of Civil Procedure can apply." *Id*. (quoting *Craft v. State*, 766 So. 2d 92, 94 (¶7) (Miss. Ct. App. 2000)).

¶17. Our post-conviction statutes contain the following provision:

> If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in this case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.

Miss. Code Ann. § 99-39-11(2) (Rev. 2015). This Court has stated, "A close reading of section 99-39-11 reveals that the trial court ha[s] two obligations when dismissing a claim for post-conviction relief: 1) make an order of dismissal and 2) cause the prisoner to be notified." *Culbert*, 800 So. 2d at 550 (¶10). And this Court has held, "To the extent that Rule 52(a) imposes extra obligations on the trial court, we hold that the trial court is under no obligation to render findings of fact and conclusions of law where it has dismissed a motion for post-conviction collateral relief under section 99-39-11." *Id*.

6

## CONCLUSION

¶18. The Circuit Court for the First Judicial District of Hinds County properly dismissed Herrin's PCR motion. Accordingly, we affirm.

¶19. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**