909 So.2d 1149 (2005)
Aundra JOHNSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-01721-COA.
Court of Appeals of Mississippi.
January 18, 2005.
Aundra Johnson (Pro Se), attorney for appellant.
Office of the Attorney General by: Charles W. Maris, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
KING, C.J., for the Court.
¶ 1. Aundra Johnson filed a motion for post-conviction relief in the Circuit Court of Chickasaw County requesting that his previously revoked state sentence run concurrently *1150 with a sentence received in federal court. Aggrieved by the trial court's denial of his request, Johnson brings this appeal and raises the following issue:

Whether the trial court erred by denying his request to run his revoked state sentence concurrently with his federal sentence.

FACTS
¶ 2. In April 1999, Johnson was indicted for possession of cocaine. In January 2000, Johnson pled guilty to the charge of possession of cocaine. He was given a ten-year suspended sentence and placed on probation. While on probation, Johnson was convicted of a federal offense.
¶ 3. On March 8, 2001, Circuit Court Judge Kenneth Coleman entered an order revoking Johnson's probation and suspended sentence. Johnson was then sentenced to serve six of the ten previously suspended years in the custody of the Mississippi Department of Corrections. The circuit court judge did not order that the six-year sentence be served concurrently with Johnson's federal sentence.
¶ 4. On May 20, 2003, Johnson filed a motion to have his state sentence run concurrent with his federal court sentence. On June 24, 2003, Circuit Court Judge Andrew Howorth denied Johnson's motion stating that the court lacked jurisdiction to order such relief.

ISSUE AND ANALYSIS

Whether the trial court erred by denying Johnson's request to run his revoked state sentence concurrently with his federal sentence.
¶ 5. Johnson asks this Court to find that the trial court erred by denying his request to have his previously revoked state sentence run concurrently with his federal sentence.
When a criminal case has been completed and the term of court ends, unless the circuit court has deferred sentence, or placed the defendant upon a suspended sentence and retained jurisdiction for this specific purpose as authorized by statute, the power of the circuit court to alter or amend its sentence is terminated.
Harrigill v. State, 403 So.2d 867, 869 (Miss.1981). Since the circuit court did not retain jurisdiction, it lacked the authority to adjust Johnson's sentence. Id.
¶ 6. Additionally, under Mississippi Code Annotated Section 99-19-21(2) (Rev.2000), Johnson would not be eligible to have his sentences run concurrently. Section 99-19-21(2) provides:
(2) When a person is sentenced to imprisonment for a felony committed while the person was on parole, probation, earned-release supervision, post-release supervision or suspended sentence, the imprisonment shall commence at the termination of the imprisonment for the preceding conviction. The term of imprisonment for a felony committed during parole, probation, earned-release supervision, post-release supervision or suspended sentence shall not run concurrently with any preceding term of imprisonment. If the person is not imprisoned in a penitentiary for the preceding conviction, he shall be placed immediately in the custody of the Department of Corrections to serve the term of imprisonment for the felony committed while on parole, probation, earned-release supervision, post-release supervision or suspended sentence.
(Emphasis added).
¶ 7. Clearly, under Mississippi law, a convict sentenced for a crime committed while on probation is not eligible for a *1151 concurrent sentence for the second crime. Coleman v. State, 772 So.2d 1101(¶ 6) (Miss.Ct.App.2000). Accordingly, this Court finds no error in the denial of post-conviction relief.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY DENYING APPELLANT'S MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHICKASAW COUNTY.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, CONCUR.