911 So.2d 658 (2005)
Michael JIM, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01235-COA.
Court of Appeals of Mississippi.
September 20, 2005.
Ashley Ray Lewis, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before BRIDGES, P.J., MYERS and CHANDLER, JJ.
BRIDGES, P.J., for the Court.
¶ 1. On May 12, 2004 a jury in Leake County found Michael Jim guilty of possession *659 of more than thirty grams of marijuana. The circuit court sentenced Jim to two years custody and to participate in the Regimented Inmate Discipline Program. Jim appealed this conviction based on (1) the circuit court failing to consider sending the case to the Eighth Circuit Drug Court violated the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution and (2) the trial court erred in failing to grant a motion to suppress the evidence from a warrantless search of the vehicle.

STATEMENT OF FACTS
¶ 2. On the night of July 16, 2003, Officer Clay McComb, while on patrol, witnessed a vehicle without working taillights traveling northbound on Highway 35. Officer McComb stopped the vehicle due to the violation. Michael Jim, the driver, told the officer he did not have a driver's license with him and that he was currently seventeen years old. At this time Officer McComb noticed three passengers in the car and a brown paper bag in plain view between the two in the backseat. Officer McComb could also tell the bag appeared to contain bottles of an alcoholic beverage so he asked to see the bag. Jim then handled the bag containing six bottles of the alcoholic beverage Smirnoff Ice to Officer McComb.
¶ 3. Officer McComb questioned all the passengers and concluded that everyone riding in Jim's vehicle at the time were under twenty-one years of age. Accordingly, none of the passengers could legally possess the alcoholic beverages since they were all underage. He then handcuffed and arrested Jim for no driver's license, no taillights, and possession of beer by a minor and placed him in his patrol car. At this time, Officer Toby Gill arrived to assist and the officers handcuffed and put the remaining minors in Gill's patrol car. Officer McComb testified that at no point did he fear for his safety during the incident.
¶ 4. Officers McComb and Gill then proceeded to search the vehicle for other contraband. Officer McComb opened the glove box and discovered two bags of a leafy green substance believed to be marijuana. Officer McComb admitted that the he did not have consent from Jim to conduct the search of the automobile. Later Jamie Johnson of the Mississippi Crime Lab testified that the two bags in fact contained 44.9 grams of marijuana. At the Leake County Correctional Facility, Jim gave a written statement admitting the ownership of the marijuana found in the vehicle.
¶ 5. The day of trial, Jim filed a motion to transfer his case to the Eighth Circuit Drug Court. The circuit court refused to transfer because the motion was untimely and because the defendant did not have a right to a transfer to drug court.

ANALYSIS

I.
¶ 6. The circuit court denied Jim's motion to transfer the case to the Eighth Circuit Drug Court. "An application for a change of venue is addressed to the discretion of the trial judge, and his ruling thereon will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances of the case." Guice v. Mississippi Life Ins. Co. 836 So.2d 756, 758 (¶ 10)(Miss.2003), citing Donald v. Amoco Prod. Co., 735 So.2d 161, 181 (Miss.1999).
¶ 7. Similarly, motions for continuances and for new counsel are at the discretion of the court. In both situations courts have denied motions made the day *660 of the trial for being untimely. In Collins v. State 369 So.2d 500, 501 (Miss.1979) the court denied a motion for both new counsel and a continuance to look for a witness made at the day of trial. The Mississippi Supreme Court affirmed denying both motions by saying, "he had abundant time and should have arranged therefor in advance of the day the trial was begun. The request was untimely." Thus, the circuit court did not abuse its discretion by denying the motion deemed untimely.
¶ 8. Jim also contends he had a right to have his case transferred to the drug court. The Mississippi Legislature created the drug courts in part to "reduce the alcohol-related and drug-related court workload." Miss.Code Ann. § 9-23-3. However, the Code intentionally refrained from creating a right by expressly stating, "A person does not have a right to participate in drug court under this chapter." Miss.Code Ann. § 9-23-15(4). Thus, Jim does not have a right to transfer his case to drug court nor does he have a equal protection claim since no one has the right to attend the drug court.

II.
¶ 9. Jim also appeals the circuit courts denial of his motion to suppress the warrantless search of his vehicle. "In reviewing the denial of a motion to suppress, this Court looks to determine whether the trial court's findings, considering the totality of the circumstances, are supported by substantial credible evidence. Where supported by substantial credible evidence, this Court will not disturb those findings." Evans v. State 823 So.2d 617, 621 (¶ 18) (Miss.Ct.App.2002).
¶ 10. Jim contends that each of the three forms of valid warrantless searches do not apply to his case. First, Jim argues that since he was handcuffed and arrested in the back of a patrol car the officer did not have a "search incident to arrest" since Jim could not reach a weapon or evidence from the back of the patrol car, following White v. State 735 So.2d 221, 223-224 (Miss.1999). Secondly, the officer did not have the exigency need for a search under the "automobile exception." Last, Jim argues that the State did not follow enough procedures to apply the "inventory search" exception.
¶ 11. The automobile exception arose from the fundamental difference between houses and cars. "The practical effect of this exception is that evidence seized without a warrant from an automobile is admissible if there is probable cause and an exigency." Sanders v. State 678 So.2d 663, 667 (Miss.1996). Thus, if Officer McComb had probable cause to search the vehicle and appropriate exigent circumstances, than he validly searched Jim's vehicle.
¶ 12. "A probable cause determination should be based on the totality of the circumstances." Comby v. State 901 So.2d 1282, 1286(¶ 7) (Miss.Ct.App.2004), citing Illinois v. Gates 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Officer McComb arrested Jim for possession of alcohol while not being of age to possess alcohol. Since Jim and the others in the vehicle could not legally possess alcohol the bottles of alcohol classify as contraband. Officer McComb had probable cause to suspect Jim had more alcohol inside the vehicle including in the glove box. "The deputy was well within the law in continuing to search the remainder of the vehicle for contraband upon finding the suspicious substance." Spencer v. State, 908 So.2d 783 (¶ 13)(Miss.Ct.App.2005). Here the deputy found a white powder in plain view of the vehicle and the Court of Appeals found that the officer had probable cause to search the remainder of the vehicle.
*661 ¶ 13. Sanders gave three ways to create exigent circumstances. "[T]he exceptional circumstances excusing the issuance of a warrant are: (1) when the vehicle searched is in motion; (2) when the officers have probable cause to believe the vehicle contains contraband subject to search; and (3) when it is impracticable to secure a warrant because the vehicle can and may be removed from the jurisdiction." Sanders 678 So.2d at 667, citing Henry v. Williams 299 F.Supp. 36, 46 (D.C.Miss.1969).
¶ 14. Officer McComb testified that Jim's car was in motion when he pulled it over. Also, Officer McComb had probable cause to search the vehicle for contraband, namely alcohol. Similarly, in Roche v. State the Supreme Court found the same two exigency factors and the court determined that the facts justified the issuance of a warrant to search the vehicle. Thus, "The car was readily mobile, and probable cause existed to believe it contained contraband; therefore, the Fourth Amendment permitted the officers to search the vehicle without a warrant." Roche v. State, 2004-KA-00383-SCT, 913 So.2d 306 (¶ 23)(Miss.Apr. 14, 2005).
¶ 15. The search of Jim's vehicle fits squarely into the automobile exception. The circuit court looked at this credible evidence to determine the validness of the search and correctly admitted the marijuana into evidence. The circuit court also did not abuse its discretion in denying Jim's motion to transfer venue to the drug court. Thus the circuit court ruled correctly on both issues and is affirmed on both issues.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY OF CONVICTION OF POSSESSION OF MORE THAN 30 GRAMS OF MARIJUANA AND SENTENCE OF TWO YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.