GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. Darrell W. Phillips appeals the dismissal of his motion for post-conviction collateral relief. He asserts that: (1) his indictment was faulty because there was insufficient evidence to support the charge of felony shoplifting; (2) the court failed to follow the plea agreement he made with the State; (3) the court incorrectly held that the decision to release Phillips is now an executive decision to be determined by the Mississippi Department of Corrections (“MDOC”); (4) he received ineffective assistance of counsel; (5) he has a right to participate in drug court; and (6) the court failed to credit him with the time he served in Tennessee before entering his guilty plea. We find no error and affirm.
 

 FACTS
 

 ¶ 2. Phillips was indicted as a habitual offender for felony shoplifting pursuant to Mississippi Code Annotated section 97-23-93(7) (Rev.2006). Phillips had two prior convictions for theft of property and robbery in Shelby County, Tennessee. On March 5, 2008, he entered a guilty plea to the Mississippi charge and was sentenced to serve five years in the custody of the MDOC followed by five years of post-release supervision.
 

 ¶ 3. On October 24, 2008, Phillips filed a pro se “Motion to Correct Judgment and Sentence.” The motion was treated as a motion for post-conviction collateral relief and was summarily dismissed by the circuit court.
 

 STANDARD OF REVIEW
 

 ¶ 4. A circuit court’s dismissal of a motion for post-conviction collateral relief will not be reversed on appeal absent a finding that the trial court’s decision was clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 ANALYSIS
 

 1. Whether Phillips’s indictment was faulty because there ivas insufficient evidence to support the charge of felony shoplifting.
 

 ¶ 5. Phillips argues that there was insufficient evidence to charge him with felony shoplifting because the case of cigarettes that he stole had not yet been put out for display in the market; therefore, he argues, the State did not have evidence of the market value that was used to increase the charge from misdemeanor shoplifting to felony shoplifting.
 
 [1]
 
 The State responds that this assignment of er
 
 *407
 
 ror was waived when Phillips entered a valid guilty plea.
 

 ¶ 6. Our supreme court has held that “a guilty plea waives any claim to a defective indictment.”
 
 Harris v. State,
 
 757 So.2d 195, 197(¶ 9) (Miss.2000) (citing
 
 Jefferson v. State,
 
 556 So.2d 1016, 1019 (Miss.1989)). “Moreover, a plea of guilty waives any evidentiary issue.”
 
 Jefferson v. State,
 
 855 So.2d 1012, 1014(¶ 11) (Miss.Ct.App.2003) (citing
 
 Bishop v. State,
 
 812 So.2d 934, 945(¶ 39) (Miss.2002)).
 

 ¶ 7. At Phillips’s guilty plea hearing, the State gave the following factual basis for the charge of felony shoplifting:
 

 on or about December 21st, 2005, this defendant did willfully, unlawfully and feloniously take possession of one case of cigarettes of a value over $500 owned and displayed for sale by Bull Market in Horn Lake, Mississippi, with the intent and purpose of converting such goods, wares[,] and merchandise to his own use without paying the purchase prices thereof;....
 

 Phillips told the circuit court that he recalled the events described by the State. When asked if he had any disagreement with what the prosecutor said the State could prove, Phillips responded: “No, sir.” Further, Phillips was asked if he was pleading guilty because he committed the crime charged, and he responded: “Yes, sir.”
 

 ¶ 8. By entering his guilty plea, Phillips fully admitted to the circuit court that he was guilty of shoplifting merchandise with a value greater than $500. This testimony was sufficient to constitute felony shoplifting under section 97-23-93(7), and Phillips waived any argument as to any possible evidentiary defects in his indictment. This issue lacks merit.
 

 2. Whether the circuit court failed to follow the plea agreement Phillips made with the State.
 

 ¶ 9. Phillips next contends that the circuit court failed to give him the sentence that was included in his plea petition. However, Phillips has offered no proof of this claim. Phillips’s plea petition states that the district attorney will recommend the following sentence:
 

 5 years in [the] MDOC pursuant to Miss. Code Ann. § 99-19-81 running concurrent to his sentence in Tennessee; 5 years post[-]release supervision reporting. ...
 

 Phillips was sentenced to serve five years in the custody of the MDOC followed by five years of post-release supervision. That sentence began to run on the day he entered his guilty plea. The circuit court did not require that Phillips complete his sentence in Tennessee before starting his sentence in this case.
 

 ¶ 10. The record indicates that Phillips may be confused about the meaning of a concurrent sentence. He seems to argue that because the sentence imposed here was to run concurrently to the sentence in Tennessee, his sentence in this case would end when the sentence in Tennessee ended. As the circuit court held:
 

 Because the court made one sentence to run concurrently] with another sentence does not mean that the sentences end at the same time, only that the previous sentence does not have to be completed before the new sentence begins, as would be with a consecutive sentence. When Phillips was released from his Tennessee sentence before his sentence in [the] MDOC was complete, he was transported back to [the] MDOC where he will be required to complete his sentence. Phillips has presented no proof that anything other than this sentence was intended.
 

 
 *408
 
 ¶ 11. Regardless of Phillips’s claim, the circuit court was not required to follow the recommendation of the State contained in Phillips’s plea petition. The plea petition signed by Phillips clearly states: “I understand that this agreement is not binding on the Court....” Further, the circuit court asked Phillips during the plea hearing: “But do you understand that whether [your plea] is negotiated [with the State] or open I’m not bound by any of those agreements; that I can accept your plea and give you the maximum sentence?” Phillips responded: “Yes, sir.”
 

 ¶ 12. Phillips’s claim that he did not receive the sentence that was recommended in his plea petition is without merit. However, we are compelled to note that Phillips’s sentence may be illegal, but not on the basis of any issue raised on appeal. As a habitual offender, Phillips was required to receive the maximum sentence of ten years according to Mississippi Code Annotated section 99-19-81 (Rev. 2007), which states:
 

 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere,
 
 shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
 

 (Emphasis added). Phillips admitted that he had been convicted of two prior felonies in Tennessee, both with sentences of more than one year. The circuit judge expressly stated that he was sentencing Phillips under section 99-19-81; however, pursuant to Phillip’s plea bargain, the circuit judge did not sentence Phillips to the maximum sentence of ten years. Phillips’s post-release supervision may well be unlawful. However, because the State did not cross-appeal based on this error, it is not properly before the Court, and we do not have the authority to remand this case for resentencing.
 
 See Lamar v. State,
 
 983 So.2d 364, 370 n. 1 (Miss.Ct.App.2008) (Roberts, J., specially concurring).
 

 3. Whether the circuit court incorrectly held that the decision to release Phillips is now an executive decision to be determined by the MDOC.
 

 ¶ 13. Phillips claims that the court incorrectly held that the decision to release him is an executive decision to be made by the MDOC. He offers no authority in support of this argument. Further, “a motion for post-conviction relief is not the proper means by which to seek credit for time served.”
 
 Leech v. State,
 
 994 So.2d 850, 856(¶ 28) (Miss.Ct.App.2008) (citing
 
 Murphy v. State,
 
 800 So.2d 525, 527-28(¶ 10) (Miss.Ct.App.2001)). Phillips must first seek relief from the administrative system of the MDOC before proceeding in the courts. Therefore, this issue lacks merit.
 

 L Whether Phillips received ineffective assistance of counsel.
 

 ¶ 14. Phillips also argues that he received ineffective assistance of counsel during the plea proceedings. To prove ineffective assistance of counsel, Phillips must show that: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Phillips to show both prongs.
 
 McQuarter v. State,
 
 574 So.2d 685, 687 (Miss.1990). Under
 
 Strickland,
 
 there is a strong presumption that coun
 
 *409
 
 sel’s performance falls within the range of reasonable professional assistance.
 
 Strickland,
 
 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, “[t]he defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.”
 
 Id.
 
 at 694, 104 S.Ct. 2052. In cases involving post-conviction collateral relief, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.”
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995).
 

 ¶ 15. Specifically, Phillips states that his counsel was ignorant of the law, lacked due diligence in investigating his mental capacity, gave false and misleading information, lied and fabricated plea documents, and used intimidation and scare tactics. However, Phillips provides no proof of such allegations other than his own affidavit. His only claim of prejudice is that he entered a guilty plea as a result of his counsel’s conduct.
 

 ¶ 16. Phillips’s claims on appeal are completely contradicted by the record. His signed plea petition states that he was fully satisfied with the competent advice and help of his counsel. Phillips stated under oath that he was satisfied with the services rendered by his counsel and that he had no complaints whatsoever about his representation. This issue lacks merit.
 

 5. Whether Phillips had a right to participate in drug court.
 

 ¶ 17. Phillips claims that he had a right to have his case transferred to the Seventeenth Judicial District Drug Court. Again, he fails to offer any authority in support of this argument. Even so, his claim fails because this Court has held that there is no right to attend drug court, stating:
 

 The Mississippi Legislature created the drug courts in part to “reduce the alcohol-related and [other] drug-related court workload.” Miss.Code Ann. § 9-23-3. However, the Code intentionally refrained from creating a right by expressly stating, “A person does not have a right to participate in drug court under this chapter.” Miss.Code Ann. § 9-23-15(4). Thus, [the defendant] does not have a right to transfer his case to drug court nor does he have a[n] equal protection claim since no one has the right to attend the drug court.
 

 Jim v. State,
 
 911 So.2d 658, 660(¶ 8) (Miss.Ct.App.2005). This issue lacks merit.
 

 6. Whether the circuit court failed to give Phillips credit for the time he served in Tennessee before entering his guilty plea in this matter.
 

 ¶ 18. Lastly, Phillips claims that he deserves credit for the time he served in Tennessee while he waited to enter his guilty plea and be sentenced in DeSoto County. In support of this argument, he cites Mississippi Code Annotated section 99-19-23 (Rev.2007) which states:
 

 The number of days spent by a prisoner in incarceration in any municipal or county jail while awaiting trial on a criminal charge, or awaiting an appeal to a higher court upon conviction, shall be applied on any sentence rendered by a court of law or on any sentence finally set after all avenues of appeal are exhausted.
 

 ¶ 19. However, this exact issue was decided in
 
 Holland v. State,
 
 418 So.2d 73, 74 (Miss.1982). There, the supreme court held:
 

 We are of the opinion and hold that section 99-19-23 has no application to time served in another state while an accused is awaiting return to this State to face criminal charges. For us to hold
 
 *410
 
 otherwise would encourag’e an accused to flee this State and seek refuge in a state or locality of his own choosing, and fight extradition knowing that any time spent in jail in such state would be credited to any sentence received by him upon conviction. Such holding would be an impediment to, rather than an aid to, criminal justice.
 

 Id.
 
 Accordingly, Phillips is not entitled to credit for time served in Tennessee. This issue lacks merit.
 

 ¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Mississippi Code Annotated section 97-23-93(7) states that the shoplifting of merchandise for which the merchant's staled price exceeds $500 shall constitute a felony.