ROBERTS, J.,
for the Court:
¶ 1. On August 2, 2010, Ira Lee Anderson II filed his motion for post-conviction relief (PCR) in the Panola County Circuit Court asserting multiple issues regarding the revocation of his post-release supervision (PRS) on August 21, 2009. The circuit judge entered an order denying Anderson’s PCR motion on September 20, 2010. It is from this denial that Anderson now appeals. Finding no error, we affirm the circuit court’s judgment.
FACTS AND PROCEDURAL HISTORY
¶ 2. On November 7, 2008, a Panola County grand jury indicted Anderson on one count of aggravated assault for cutting Reginald Kirkland with a razor blade. At the hearing held on March 16, 2009, the circuit judge accepted Anderson’s petition to enter a guilty plea to one count of aggravated assault as indicted. Written into his petition to enter a guilty plea, which was signed by Anderson and acknowledged by him at the hearing, the recommended sentences is as follows:
As a result of plea-bargaining, my attorney an[d] I have reached an agreement with the District Attorney’s Office concerning my offer to plead guilty to the charge(s) listed in paragraph three [aggravated assault]. It is my understanding that the District Attorney will recommend to the [cjourt that I receive a sentence as follows or see attached plea agreement:
10 yrs. MDOC suspended (PRS) 2 years
supervised probation
pay restitution [and] court costs
At the hearing, the circuit judge approved the agreement and stated that he would “sentence Mr. Anderson to a term of five days in the Mississippi Department of Corrections [MDOC].” He then ordered Anderson “to be placed upon ten years of [PRS]. Of the ten years [PRS], two years will be on a reporting basis ... [and] eights years on a non[-]reporting basis.” He cautioned Anderson by saying, “[t]hat means you have ten years hanging over your head, Mr. Anderson.” Lastly, the circuit judge informed Anderson that “[a]s long as you don’t commit any new offenses you’ll be fine, but if you do then you stand the opportunity of coming back before this [c]ourt upon five days notiee[,] on a petition to revoke your suspended sentence and you could serve up to possibly ten years in jail. Do you understand that?” Anderson responded, “Yes, sir.”
¶ 3. At the conclusion of the hearing, Anderson was given credit for time served and began serving the PRS portion of his sentence. Less than six months later, Anderson was again before the circuit court representing himself at his PRS revocation hearing. After hearing evidence from the State and Anderson, the circuit judge entered an order revoking eight years of Anderson’s PRS because Anderson violated the terms of his PRS by failing to pay any of the court-ordered restitution and costs, not reporting to his probation officer, not having suitable employment, testing positive for marijuana use, driving under the influence (DUI), careless driving, speeding, having no insurance, and driving with a suspended driver’s license.
¶ 4. Anderson subsequently filed a PCR motion on August 2, 2010, alleging multiple issues with the revocation of his PRS. The circuit judge entered an order denying Anderson’s PCR motion on September 20, 2010. Feeling aggrieved, Anderson perfected his appeal and raises the following issues, which we recite verbatim:
I. Whether [the] [circuit] court had authority or jurisdiction over appellant?
*649 II. Whether [the] [circuit] court had authority or jurisdiction to hear appellant’s [PRS] revocation hearing?
III. Whether appellant was denied [d]ue [p]rocess at his [PRS] revocation hearing?
IV. Whether [the] [circuit] court’s imposition of a sentence at appellant’s [PRS] revocation hearing exceeding his original sentence constituted [d]ouble [j]eopardy?
V. Whether [the] appellant’s attorney’s performance was ineffective?
VI. Whether [the] sentence [the] appellant received at his [PRS] hearing was illegal?
VII. Whether [the circuit judge] acted in bad faith and with willful misconduct in office?
VIII. Whether [the circuit] court failed to render findings of fact and conclusions of law as requested by the appellant?
IX. Whether [the] [circuit] court erred in denying the appellant’s [PCR] motion without affidavits?
STANDARD OF REVIEW
¶ 5. The circuit court summarily dismissed Anderson’s PCR motion pursuant to Mississippi Code Annotated section 99-39-11(2) (Supp.2011) which provides the PCR motion may be dismissed “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any reliefi.]” In State v. Santiago, 773 So.2d 921, 923-24 (¶ 11) (Miss.2000), the Mississippi Supreme Court held “a trial court may summarily dismiss a [motion] for PCR, without having held an evidentiary hearing, when it is clear that the [movant] is not entitled to relief under the [Uniform Post-Conviction Collateral Relief Act].” Additionally, “dismissal of a PCR motion is proper where ‘it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ ” Id (quoting Turner v. State, 590 So.2d 871, 874 (Miss.1991)).
ANALYSIS
¶ 6. Although Anderson raises his argument that his sentence was illegal as his sixth issue, we will address that issue first since it has bearing on subsequent issues. Further, we have combined Anderson’s issues for clarity and judicial economy.
I. Illegal Sentence
¶ 7. Anderson asserts that the sentence he received at his PRS revocation hearing was illegal. He argues he was originally sentenced to serve five days in the custody of the MDOC, with no years suspended and ten years of PRS. He further contends that no portion of his sentence was suspended originally; therefore, the circuit judge could not order him to serve any more time in jail. This assertion is clearly erroneous.
¶ 8. First, it is clear from our reading of the record that Anderson understood he faced up to possibly ten more years in the custody of the MDOC. At Anderson’s original sentencing hearing, the circuit judge informed Anderson that if he violated the terms of his PRS, the circuit court could “revoke [his] suspended, sentence and [he] could serve up to possibly ten years in jail.” (Emphasis added). After hearing this, Anderson answered in the affirmative when asked if he understood that he could serve up to ten years in the custody of the MDOC if he did not abide by the conditions of his PRS.
¶ 9. Further and more importantly, Mississippi Code Annotated section 47-7-34 (Rev.2011) provides guidance when handling the imposition of PRS. Mississippi *650 Code Annotated section 47-7-34(1) contains the following language:
When a court imposes a sentence upon a conviction for any felony committed after June 30, 1995, the court, in addition to any other punishment imposed if the other punishment includes a term, of incarceration in a state or local correctional facility, may impose a term of post-release supervision. However, the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed. The defendant shall be placed under post-release supervision upon release from the term of incarceration.
(Emphasis added). Under this section of the statute, it was proper for the circuit court to give Anderson a PRS sentence in addition to the five days he was ordered to serve in custody. It is imperative to note that the statute contains no language that a suspended sentence must be given if the circuit court also wants to impose PRS. Likewise, it contains no language prohibiting the circuit court from suspending a portion of the sentence as long as the remaining portion of the sentence “includes a term of incarceration in a state or local correctional facility[J”
¶ 10. Mississippi Code Annotated section 47-7-34(2) provides the following language:
Failure to successfully abide by the terms and conditions shall be grounds to terminate the period of post-release supervision and to recommit the defendant to the correctional facility from which he was previously released. Procedures for termination and recommitment shall be conducted in the same manner as procedures for the revocation of probation and imposition of a suspended sentence.
(Emphasis added). The circuit court found that Anderson violated the terms and conditions of his PRS, revoked his PRS, and ultimately recommitted him to serve eight years of his PRS in the custody of the MDOC. It is customary procedure for the circuit court to suspend a portion of the sentence when utilizing PRS. For clarity and consistency in sentencing, we encourage such practice. Based on the language in the PRS statute, we fail to find merit in Anderson’s argument that because he was not given a suspended sentence, the circuit court’s revocation of his PRS and sentence of eight years to serve in the custody of the MDOC was illegal.
¶ 11. We acknowledge there is confusion in interpreting how Mississippi Code Annotated section 47-7-34 and Mississippi Code Annotated section 47-7-33 (Rev.2011) work in conjunction with one another. The language found in Mississippi Code Annotated section 47-7-34(1) implies that PRS is part of the term of the sentence; however, Mississippi Code Annotated section 47-7-34(2) mandates that PRS revocation is to use the same the procedures found in Mississippi Code Annotated sections 47-7-33, 47-7-35 (Rev. 2011) and 47-7-37 (Rev.2011) which contains the revocation procedures for probation and suspended sentences. Differing from PRS, probation is not considered a part of the term of sentence. Brunson v. State, 796 So.2d 284, 287 (¶ 11) (Miss.Ct.App.2001) (citing Carter v. State, 754 So.2d 1207, 1209 (¶ 5) (Miss.2000)). Although there is no language in Mississippi Code Annotated section 47-7-34 requiring a suspended sentence be imposed when giving a defendant a term of PRS, we find the most logical way to utilize PRS is to impose a term of incarceration, suspend a portion of the term, and place the defendant on a period of PRS. However, the amount of *651 time of incarceration plus the time to serve on PRS cannot exceed the maximum sentence permitted for the crime and only five years of PRS may be reporting. Johnson v. State, 925 So.2d 86, 102 (¶ 30) (Miss.2006). In practice, if a defendant violates PRS, the circuit judge may revoke all or part of the suspended sentence. This complies with the language found in Mississippi Code Annotated sections 47-7-33 and 47-7-34 and should remove confusion in the event of a revocation. Furthermore, Mississippi Code Annotated sections 99-19-27 (Rev.2007) and 99-19-29 (Supp.2011) recognize the circuit court’s authority to impose a sentence and then suspend that sentence.
¶ 12. This issue is without merit.
II. Jurisdiction
¶ 13. In his first two issues, Anderson asserts that the circuit court lacked jurisdiction over him and over his PRS revocation hearing. He first argues the circuit court lacked jurisdiction because he never received a suspended sentence at his sentencing hearing; thus, the court did not have jurisdiction to later revoke a suspended sentence when he violated the terms and conditions of PRS. He bases his argument on the premise that “[w]hen a criminal case has been completed and the term of court ends, unless the circuit court has deferred sentence, or placed the defendant upon a suspended sentence and retained jurisdiction for this specific purpose as authorized by statute, the power of the circuit court to alter or amend its sentence is terminated.” Johnson v. State, 909 So.2d 1149, 1150 (¶ 5) (Miss.Ct.App.2005) (quoting Harrigill v. State, 403 So.2d 867, 869 (Miss.1981) (superseded in part by statute)). Anderson claims that when the circuit court revoked his PRS and ordered him to serve the remaining portion of his suspended sentence, the court was, in effect, altering or amending its sentence since a suspended sentence was never imposed.
¶ 14. As we stated above, we found Anderson’s original sentence was proper and legal. When the circuit court revoked Anderson’s PRS and ordered him to serve the remaining portion of his suspended sentence, it was not attempting to alter or amend the sentence; it was merely enforcing the sentence originally given.
¶ 15. The second issue Anderson raises regarding the circuit court’s jurisdiction is that Panola County did not have jurisdiction to hold his PRS revocation hearing since he was arrested in Quitman County. He argues the Quitman County Circuit Court, the county where he violated his PRS, was the circuit court that had jurisdiction to hear his PRS revocation. Anderson is incorrect.' Pursuant to Mississippi Code Annotated section 47-7-37 (Rev.2011), the original sentencing circuit court has jurisdiction to hear the PRS revocation unless it grants written permission to the circuit court in the county where the PRS violation and arrest occurred to handle the PRS revocation hearing.
¶ 16. As such, the issues Anderson raises regarding the circuit court’s jurisdiction are without merit.
III. Constitutional Violations

A. Due Process

¶ 17. Anderson next argues he was denied due process at his PRS revocation hearing. He alleges six ways his due-process rights were violated. The minimum due-process requirements for a revocation hearing are:
(1) written notice of the claimed violations of probation; (2) disclosure to the probationer of the evidence against him; (3) an opportunity to be heard in person *652 and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer finds good cause for not allowing such confrontation); (5) a neutral and detached hearing body or officer; and (6) a written statement by the fact-finder as to the evidence relied on and reasons for revoking the probation.
Agent v. State, 30 So.3d 370, 372-3 (¶ 6) (Miss.Ct.App.2010) (citing Loisel v. State, 995 So.2d 850, 852 (¶ 7) (Miss.Ct.App.2008)).
¶ 18. Anderson submits he was denied the right to cross-examine Mack Cox concerning Anderson’s positive results from the marijuana test and any related evidence. In his brief, Anderson does not provide any information about who Cox is and what testimony Cox would have provided. At Anderson’s revocation hearing, MDOC Field Officer Mickey Parrott, who served as Anderson’s probation officer, testified as to what conditions of his PRS Anderson had violated. It was during this testimony that Officer Parrott indicated that Cox administered a drug screen on Anderson that tested positive for the use of marijuana. Cox did not testify at Anderson’s revocation hearing. Officer Parrott also testified that Anderson informed him at their initial meeting that Anderson was not going to quit using marijuana. Further, Anderson, himself, took the stand and admitted he had smoked marijuana while on PRS. The admission of a PRS violation has been held to be sufficient for the circuit court to revoke PRS. Williams v. State, 4 So.3d 388, 393 (¶ 15) (Miss.Ct.App.2009). Anderson was given and did take the opportunity to cross-examine Officer Parrott, as well as all other State witnesses, at the revocation hearing. This issue is without merit.
¶ 19. Anderson argues his due-process rights were violated because he “had the right to be heard, [and] not [have just] his statement read.” Anderson provides this sole sentence to argue this issue. Mississippi Rule of Appellate Procedure Rule 28 requires the appellant to state his contentions “with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on”; it is clear to us that Anderson did not satisfy the requirements of Rule 28. He provided no citation to any authority or any other reasoning to support this assignment of error.
¶ 20. Anderson next asserts he did not have proper notice of his PRS revocation hearing which is a violation of his due-process rights. He further asserts the notice he received was in the form of a summons and an order setting the hearing date for his PRS revocation. Both documents provide the location, date, time, and reason for the hearing. His summons was issued on July 31, 2009; the order was filed on July 31, 2009. Anderson cites Grayson v. State, 648 So.2d 1129, 1134 (Miss.1994) in support of his claim that his notice was insufficient. In that case, the Mississippi Supreme Court reversed and remanded the case because “[Leroy] Gray-son[,] at a minimum[,] was entitled to some advance notice of the revocation hearing, and an opportunity to make some preparation for it.” Id. Grayson was brought before the circuit judge who revoked his probation right after a mistrial was declared in the case. Id. The supreme court found that this was insufficient notice. Anderson’s situation was factually different from the Grayson case. Anderson was provided at least twenty days’ notice prior to his hearing, which gave him ample time to prepare his defense. Anderson further argues that the summons and order listed the date of the hearing as August 20, 2009, *653 but the actual hearing was not held until August 21, 2009. Anderson does not provide any reasons or evidence to show that he was harmed by having the hearing a day later. This issue is without merit.
¶ 21. Anderson’s fourth issue alleges that he was never orally informed of the terms and conditions of his suspended sentence; thus, it cannot be revoked. As Anderson does not provide any authority as required by Rule 28, we decline to address this issue.
¶ 22. Anderson asserts that the circuit court was required to have more evidence than an arrest to prove he committed the offenses. He states in his brief that he had proof of car insurance and a valid driver’s license, which were two of the violations listed on the order revoking his PRS. The amount of evidence must be enough to “show that the defendant ‘more likely than not’ violated probation.” Younger v. State, 749 So.2d 219, 222 (¶ 13) (Miss.Ct.App.1999). At Anderson’s revocation hearing, the State presented evidence through Officer Par-rott and Mississippi Highway Patrol Trooper Ryan Buckley that Anderson violated the terms and conditions of PRS. The evidence presented at the hearing was sufficient to show that Anderson “more likely than not” violated conditions of his PRS. This issue is without merit.
¶ 23. Finally, Anderson argues that the circuit judge did not issue a written statement disclosing the reasons for revoking his PRS. Again, Anderson failed to cite to any relevant authority as required under Rule 28; therefore, we decline to address this issue.

B. Double Jeopardy

¶ 24. Anderson next asserts that the revocation of his PRS and the subsequent imposition of eight years in the custody of the MDOC exceed his original sentence which exposes him to double jeopardy. The circuit court imposed a five-day prison sentence and ten years of PRS. Upon Anderson’s violation of a term or condition of his PRS, the circuit judge had authority to revoke Anderson’s PRS and require him to finish serving his sentence in the custody of the MDOC. See Miss.Code Ann. § 47-7-34. This is precisely what the circuit judge did. Contrary to Anderson’s claims, the circuit judge did not impose an additional sentence; he merely revoked Anderson’s PRS and enforced the original sentence imposed. This issue is without merit.

C. Ineffective Assistance of Counsel

¶ 25. Anderson raises this issue and argues that his attorney failed to subpoena any of his requested witnesses because he would show that the witnesses perjured themselves when giving their statements to the police. He alleges that had the witnesses been subpoenaed, the outcome would have been different.
¶ 26. Anderson fails to take into consideration that he is challenging the revocation of his PRS, not the entry of his guilty plea. At the PRS revocation hearing held on August 21, 2009, Anderson chose to represent himself. Therefore, he cannot claim that his attorney was ineffective at the revocation hearing since he represented himself.
¶ 27. In addition, Anderson failed to provide proper support for his claim of ineffective assistance of counsel. In Davis v. State, 36 So.3d 456, 461 (¶ 17) (Miss.Ct.App.2010), this Court held: “In cases involving post-conviction relief, ‘where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.’ ” (quoting Phillips v. State, 25 So.3d 404, 408-09 (¶ 14) (Miss.Ct.App.2010)). Further, “[a] defendant must allege with ‘specificity and detail’ *654 that his counsel’s performance was deficient and prejudicial to his defense.” Id. (citing
IV. Willful Misconduct and Bad Faith
¶ 28. This issue raised involves what Anderson alleges to be acts of judicial misconduct and bad faith on the part of the circuit judge. Specifically, Anderson argues the circuit judge’s actions of not knowing the following are acts of willful misconduct and bad faith: 1. PRS is not the same as a suspended sentence; 2. to have a suspended sentence, a definite sentence must be ordered with a portion suspended and a period of probation ordered; 3. Anderson’s violation of his PRS could only result in the reinstatement of the original sentence; 4. Anderson could not be re-sentenced to a term longer than his original sentence; and 5. PRS does not automatically convert into a prison sentence if a term of PRS is violated.
¶ 29. In his brief, Anderson only cites to cases involving the Mississippi Commission on Judicial Performance. The duty to cite relevant authority is imposed on the appellant; issues not supported by relevant authority are barred from our review. Edwards v. State, 856 So.2d 587, 599 (¶45) (Miss.Ct.App.2003) (citing Simmons v. State, 805 So.2d 452, 487 (¶ 90) (Miss.2001)). The cases provided by Anderson are not relevant to support his claim in a PCR motion. We decline to address the merits of his claim.[1]
V. Failure to Issue Findings of Fact and Conclusions of Law
¶ 30. Anderson next argues that the circuit court erred when it did not issue findings of fact and conclusions of law when he requested them. Anderson is referring to Mississippi Rule of Civil Procedure Rule 52 which states: “In all actions tried upon the facts without a jury the court may, and shall upon the request of any party to the suit or when required by these rules, find the facts specially and state separately its conclusions of law thereon and judgment shall be entered accordingly.” According to Culbert v. State, 800 So.2d 546, 551 (¶9) (Miss.Ct.App.2001) (citing Craft v. State, 766 So.2d 92, 94 (¶ 7) (Miss.Ct.App.2000)), PCR motions are considered civil in nature; therefore, the provisions of the Mississippi Rules of Civil Procedure can apply. Additionally, this Court stated in Culbert that Mississippi Code Annotated section 99-39-11 places two obligations on the circuit court when dismissing a PCR motion: “[ (]1) make an order of dismissal and [ (]2) cause the prisoner to be notified.” Id. at (¶ 10). The circuit court satisfied these two requirements in its September 20, 2009 order. “To the extent that Rule 52(a) imposes extra obligations on the trial court, we hold that the trial court is under no obligation to render findings of fact and conclusions of law where it has dismissed a motion for post-conviction collateral relief under Mississippi Code Annotated section 99-39-11.” Id. Furthermore, revocation of a suspended sentence or PRS is a criminal proceeding, not a civil matter. We find that the circuit court was not required to issue findings of fact and conclusions of law in this case. This issue is without merit.
*655 VI. Lack of Affidavits
¶ 31. Anderson’s final argument is the circuit court erred when it found he had not attached any affidavits in support of his PCR motion. A more thorough reading of the record indicates that the statement Anderson is relying on is found in the circuit court’s order denying his PCR motion. The portion of the order containing a reference to Anderson’s failure to attach affidavits is found in the discussion of his ineffective-assistance-of-counsel claim. The order reads: “Anderson attached no affidavits in support of his motion. Also, Anderson has not proven ineffective assistance of counsel based on the requirements of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); and Moody v. State, 644 So.2d 451, 456 (Miss.1994).” The circuit court did not deny Anderson’s PCR motion solely on the basis that he did not provide affidavits as Anderson claims. When considered in the correct context, the circuit court was correct in finding that Anderson did not submit any affidavits to support his ineffective-assistance-of-counsel claim.
¶ 32. This issue is without merit.
¶ 33. THE JUDGMENT OF THE PA-NOLA COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
LEE, C.J., GRIFFIS, P.J., ISHEE, CARLTON, MAXWELL AND RUSSELL, JJ„ CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT. BARNES, J., CONCURS IN RESULT ONLY. MYERS, J., NOT PARTICIPATING.

. The available avenue for complaints regarding a judge's conduct should be directed to Mississippi Commission of Judicial Performance.