JAMES, J.,
for the Court:
¶ 1. Robbie O’Cain (pro se) appeals the order of the Leake County Circuit Court dismissing his motion for post-conviction relief (PCR). The circuit court found that O’Cain’s motion lacked merit, and the motion was procedurally barred as a successive writ. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. O’Cain was indicted for armed robbery on June 26, 2007. On September 6, 2007, O’Cain entered a guilty plea and was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections (MDOC). On August 28, 2008, O’Cain filed his first PCR motion, arguing that his counsel misadvised him as to the amount of time he was required to serve before he could be eligible for parole. Apparently, O’Cain was erroneously advised that he would only have to serve ten years of his sentence, as opposed to the required full fifteen years. O’Cain claimed that he would not have entered a guilty plea had he known that he was required to serve the entire sentence. Following an evidentiary hearing on the matter, the circuit court granted the motion. O’Cain’s conviction was vacated, and his sentence was set aside.
¶ 3. On April 20, 2009, O’Cain was rear-raigned, and he entered a new plea agreement. This time, O’Cain pled guilty to strong-armed robbery and was sentenced to serve fifteen years in the custody of MDOC. On November 8, 2011, O’Cain filed a letter with the circuit court requesting clarification of his sentence. In the letter, O’Cain argued that he was not given credit for the time he had served for his armed-robbery conviction, which was one year, two months, and five days. Treating the letter as a PCR motion, the circuit court denied O’Cain’s request on the following ground:
Petitioner’s [mjotion for [p]ost-[c]onviction relief should be denied because the Petitioner has failed to state a cause of action for which the court may grant relief. To be sure, Petitioner was initially indicted and charged with armed robbery. A charge of armed robbery prohibits the possibility of trustee status if the criminal defendant is convicted. However, in Petitioner’s case, he ultimately pled guilty to strong armed robbery. As such, Petitioner is not eligible to receive trustee status for the time[ ]period he was in custody awaiting his criminal disposition.
¶ 4. On April 19, 2012, O’Cain filed a third motion for relief, requesting earned-time allowance for time served on his sentence for armed robbery. The circuit court, again, denied the motion on the same grounds, and dismissed the motion as a successive writ. O’Cain now seeks relief before this Court.
STANDARD OF REVIEW
¶ 5. We will not reverse a circuit court’s dismissal of a PCR motion unless the circuit court’s findings are clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). For issues involving questions of law, the applicable standard of review is de novo. Id. (citing Pace v. State, 770 So.2d 1052, 1053 (¶ 4) (Miss.Ct.App.2000)).
DISCUSSION
¶ 6. We begin by noting that the circuit court properly dismissed the instant PCR motion as a successive writ. Under Mississippi Code Annotated section 99-39-23(6) (Supp.2012), a movant is prohibited from filing successive motions for post- *484 conviction relief. The November 8, 2011 letter filed by O’Cain requesting clarification of his sentence served as a PCR motion. Here, O’Cain is simply reasserting the same ground for relief that was previously rejected by the circuit court. Thus, the current motion is procedurally barred.
¶ 7. Procedural bar notwithstanding, we find that O’Cain’s PCR motion lacks merit. Mississippi Code Annotated section 99-39-11(2) (Supp.2012) permits the circuit court to summarily dismiss a PCR motion “if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]” Anderson v. State, 89 So.3d 645, 649 (¶ 5) (Miss.Ct.App.2011). Further, “dismissal of a PCR motion is proper where ‘it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ ” Id. (quoting State v. Santiago, 773 So.2d 921, 923-24 (¶ 11) (Miss.2000)).
¶ 8. The circuit court found that O’Cain was not eligible for earned-time credit for the period he was awaiting rear-raignment due to his armed-robbery conviction. Under Mississippi Code Annotated section 47-5-139(l)(e) (Rev.2011), an inmate who “has not served the mandatory time required for parole eligibility for a conviction of robbery or attempted robbery with a deadly weapon” shall not be eligible for an earned-time allowance. Having served only one year, two months, and five days of his armed-robbery sentence, O’Cain fell short of the mandatory-time requirement. He was not eligible to earn credit for trustee time. The record reflects he did receive proper credit for the time he served in custody on his armed-robbery sentence. Accordingly, we affirm the order of the circuit court dismissing O’Cain’s PCR motion.
¶ 9. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. BARNES AND ROBERTS, JJ., CONCUR IN RESULT ONLY.