# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00353-COA

**GARY WAYNE STACKS A/K/A GARY WAYNE**  **APPELLANT**
**STACKS, JR. A/K/A GARY STACKS A/K/A**
**GARY W. STACKS**
**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

DATE OF JUDGMENT: 04/03/2017
TRIAL JUDGE: HON. LEE J. HOWARD
COURT FROM WHICH APPEALED: CLAY COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: GARY WAYNE STACKS (PRO SE)
ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: KATY GERBER
NATURE OF THE CASE: CIVIL - POST-CONVICTION RELIEF
DISPOSITION: AFFIRMED - 03/20/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., CARLTON AND WILSON, JJ.

### WILSON, J., FOR THE COURT:

¶1.     Gary Wayne Stacks appeals from the denial of his motion for post-conviction relief (PCR).  The circuit court terminated Stacks's term of post-release supervision (PRS) and recommitted Stacks to the custody of the Mississippi Department of Corrections (MDOC) after Stacks violated multiple conditions of his PRS.  In his PCR motion, Stacks argued that the circuit court lacked authority to recommit him to MDOC custody because his original sentencing order did not expressly impose a suspended sentence to correspond with his term of PRS.  This Court rejected the same argument in *Anderson v. State*, 89 So. 3d 645, 649-51 (¶¶7-12) (Miss. Ct. App. 2011).  Therefore, we affirm the circuit court's order denying

Stacks's PCR motion.

¶2.     In 2007, Stacks pled guilty to manufacturing methamphetamine. Pursuant to a plea agreement, the State recommended a sentence of ten years in MDOC custody followed by five years of PRS and a fine.[1] The State also agreed to retire a second charge to the files.[2] The circuit court accepted Stacks's plea, followed the State's recommendation, and sentenced Stacks to ten years in MDOC custody to be followed by five years of PRS, a $5,000 fine, and court costs. At his plea/sentencing hearing, the court specifically warned Stacks of the consequences of a violation of the conditions of his PRS:

> The Court:  [Y]ou [are] sentenced to 10 years in the Department of Corrections . . . to be followed by 5-years post-release supervision. Pay the minimum fine of $5,000 and all cost of court. **The fine and the court cost will be paid as a condition of the 5-years post-release; which means if you do not pay it, you'll have to pick up and serve the other five. Do you understand that?**
>
> Stacks:  **Yes, sir.**
>
> . . . .
>
> The Court:  Now, there are some other conditions to a post-release sentence. The other conditions are these: You must be a honest law-abiding citizen.
>
> Stacks:  Yes, sir.
>
> The Court:  You must report to the Department of Corrections as they direct,

---

[1] The maximum sentence for Stacks's offense was thirty years' imprisonment. *See* Miss. Code Ann. § 41-29-139(b)(1) (Rev. 2005).

[2] The record in this appeal does not reflect the nature of the charge retired to the files.

usually once a month.

| | |
|---|---|
| Stacks: | Yes, sir. |

The Court: Each time you report, you're required to pay the State of Mississippi $45 as a supervision fee. But if you don't have the money you still report. You can use no illegal drugs: cocaine, LSD, heroin, marijuana, speed.

Stacks: Yes, sir.

The Court: No alcohol: beer, wine, or whiskey. And they're going to be testing you.

Stacks: Yes, sir.

The Court: **Again, if you violate any of these conditions, Mr. Stacks, you have to pick up and serve the other five years.**

Stacks: **Yes, sir.**

The Court: Do you have any questions about the sentence?

Stacks: No.

(Emphasis added).

¶3. Stacks completed his ten-year term in MDOC custody in 2016[3] and was discharged to begin PRS. About six months later, a warrant was issued for his arrest for multiple

---

[3] Stacks's PCR motion states that he was paroled in 2009 and served the remainder of his term in MDOC custody on parole. *See Sinko v. State*, 192 So. 3d 1069, 1070-71 (¶1) (Miss. Ct. App. 2016) (explaining that for several years MDOC classified persons convicted of manufacturing controlled substances other than marijuana as eligible for parole even though the parole statute then in effect clearly provided that they were not eligible for parole). There is nothing else in the record to confirm this statement, but the State does not dispute it. In any event, an "offender while on parole shall remain in the legal custody of [MDOC]." Miss. Code Ann. § 47-7-17 (Rev. 2015).

violations of the conditions of his PRS: he failed to report in July and August 2016, failed to pay his supervision fees, failed to pay his fine and court costs, twice tested positive for amphetamine and methamphetamine, and failed to attend required drug and alcohol treatment. The circuit court held a revocation hearing, found that Stacks had violated the conditions of his PRS, and sentenced him to serve his term of PRS (5 years) in MDOC custody. Stacks subsequently filed a PCR motion challenging his revocation, which the circuit court denied. He then filed a timely notice of appeal.

¶4. Stacks argues that the circuit court lacked authority to sentence him to serve five years in MDOC custody for violating the conditions of his PRS. Stacks argues that his entire sentence had expired before he was placed on PRS because the original sentencing order did not impose a suspended sentence to correspond with his five-year term of PRS.

¶5. This Court rejected the same basic argument in *Anderson*, *supra*. Anderson originally was sentenced to serve five days in MDOC custody, with no suspended sentence and ten years of PRS. *Anderson*, 89 So. 3d at 649 (¶7). Anderson subsequently violated the terms of his PRS, and the circuit court revoked eight years of his PRS and sentenced him to serve the same amount of time in MDOC custody. *Id.* at 648 (¶3). In a PCR motion, Anderson argued that because "no portion of his sentence was suspended originally . . . , the circuit judge could not order him to serve any more time in jail." *Id.* at 649 (¶7). On appeal, this Court rejected "[t]his assertion [as] clearly erroneous." *Id.*

¶6. We first pointed out that at Anderson's original sentencing hearing, the judge clearly

informed him that "he faced up to possibly ten more years in [MDOC] custody" if he violated the conditions of his PRS, and "Anderson answered in the affirmative when asked if he understood." *Id.* at (¶8). Second, we emphasized that Mississippi Code Annotated section 47-7-34 (Rev. 2015), which governs the imposition and termination of PRS, "contains no language that a suspended sentence must be given if the circuit court . . . wants to impose PRS" following a term in MDOC custody. *Id.* at 650 (¶9). Thus, we held that even if an offender's original sentence does not expressly include a "suspended sentence," if the offender subsequently violates the conditions of his PRS, the circuit court has the authority to terminate the offender's PRS and recommit the offender to MDOC custody for all or part of the term of PRS. *See id.* at 650-51 (¶¶9-12). As a practical matter, *Anderson* treats a term of PRS as inclusive of an implied suspended sentence, even if the offender's sentencing order does not expressly reference a suspended sentence.

¶7.     The result in this case is the same as in *Anderson*. At Stacks's plea/sentencing hearing, the circuit court clearly informed him that he faced five additional years in MDOC custody if he violated the conditions of his PRS, and Stacks stated that he understood. In addition, as *Anderson* holds, section 47-7-34 does not require the circuit court to expressly suspend part of the defendant's sentence when the court imposes a term of PRS. Therefore, the circuit court had the authority to sentence Stacks to serve five years in MDOC custody after Stacks violated multiple conditions of his PRS. Stacks's argument to the contrary "is

5

without merit." *Anderson*, 89 So. 3d at 651 (¶12).[4]

¶8.     In *Anderson*, we stated, "It is customary procedure for the circuit court to suspend a portion of the sentence when utilizing PRS.  For clarity and consistency in sentencing, we encourage such practice." *Id.* at 650 (¶10).  We further stated that "the most logical way to utilize PRS is to impose a term of incarceration, suspend a portion of the term, and place the defendant on a period of PRS." *Id.* at (¶11).  We again encourage circuit courts to follow this customary practice and to suspend a portion of the offender's sentence when imposing a term of PRS.  However, as *Anderson* holds, a technical deviation from this customary practice does not limit the circuit court's authority to terminate an offender's PRS and order him to be recommitted to MDOC custody if the offender violates the conditions of his PRS.

¶9.     **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.  IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

---

[4] Stacks also argues that the circuit court's order terminating his PRS and recommitting him to MDOC custody exposed him to double jeopardy.  However, *Anderson* rejected this claim as well.  *Id.* at 653 (¶24) ("Contrary to Anderson's claims, the circuit judge did not impose an additional sentence; he merely revoked Anderson's PRS and enforced the original sentence imposed.").  Stacks also argues that his court-appointed attorney was ineffective because she failed to make a double jeopardy argument at his revocation hearing.  This claim also fails for the same reason.